**VALLEY GIN CO. v. FLETCHER.**

No. 3174.

Court of Civil Appeals of Texas. Beaumont.

Oct. 7, 1937.

Crane & Glarner, of Raymondville, for appellant.

R. F. Robinson, of Raymondville, for appellee.

WALKER, Chief Justice.

During the ginning season of 1935, one S. K. Fowler became indebted to the Fletcher Gin, a corporation, in the sum of $408. Appellee owned a one-half interest in this gin, and was its manager during the ginning season of 1935. Fowler paid his account to the gin by paying to appellee $204 in money, and by delivering to him cotton seed of the value of $204. Appellee appropriated the money, crediting it against a balance claimed by him on his salary account, and sold the cotton seed to farmer customers of the gin, whose accounts probably were never paid. In May, 1936, appellant, a corporation which owned the other half of Fletcher Gin, bought appellee's interest, accepting a bill of sale from him to his interest in the gin in full satisfaction of a note held by it against appellee, and "any other indebtedness" which he owed to appellant.

On the date appellee sold his interest in the gin to appellant, the gin books showed that the Fowler account was unpaid. When appellant was advised that this account had in fact been paid to appellee, it brought this suit against him in county court for $408, the amount of the account, on the theory that he had collected the full amount of the account from Fowler, and had converted the proceeds to his own use and benefit, and in the alternative, that having kept the books, and having sold his interest in the gin on the representation that the books were correct, he was estopped to deny the correctness of his books.

Appellee answered by general and special demurrers, and by special plea that he credited the money paid him by Fowler on his salary account, and that he sold the cotton seed to farmers who owed

the amount to Fletcher Gin. He pleaded further that, in accepting from him a bill of sale to his interest in the gin, appellant canceled, as a part of the consideration, any amount due by him to it.

By its supplemental petition appellant pleaded general and special demurrers, general denial, and res judicata.

Judgment was entered in favor of appellee on an instructed verdict. Appellant prosecuted its appeal to the San Antonio Court of Civil Appeals, the case is before us on order of transfer by the Supreme Court.

## Opinion.

Under the evidence, the cotton seed was sold for the account of the Fletcher Gin; so, on that issue, appellee was entitled to his instructed verdict.

But as to the $204 in money paid him by Fowler, appellee was not entitled to an instructed verdict. The evidence clearly raised the issue that Fletcher Gin did not owe him anything on his salary account, and that his appropriation of this money was actionable.

Nor was appellee entitled to an instructed verdict on the theory that appellant's cause of action against him was canceled as a part of the consideration paid him for his interest in Fletcher Gin. The only indebtedness canceled in that trade was "any other indebtedness" owed by appellee to appellant. This claim was not embraced in that description of the canceled indebtedness, because it was owed not to appellant, but to Fletcher Gin.

Appellant did not sustain its defense of res judicata. The issues in controversy in the prior action, pleaded by appellant as basis for this defense, were not the very issues in controversy in this case.

It follows that the instructed verdict to the extent of $204, the value of the cotton seed, should be affirmed, and that the judgment of the lower court should be reversed and the cause remanded for a new trial on the issue of appellant's claim for the $204 in money paid appellee by Fowler; and it is accordingly so ordered.

Affirmed in part, and in part reversed, and remanded.